UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAPHAEL SEAY,<br><br>                Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | CAUSE NO. 3:15-CR-090 RLM<br>(Arising out of: 3:17-CV-00678) |

OPINION AND ORDER

Raphael Seay pleaded guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). This court sentenced Mr. Seay to a term of 30 months' imprisonment and a two-year period of supervised release. As part of the plea agreement, Mr. Seay waived his right to appeal his conviction and his right to file any post-conviction proceedings under 28 U.S.C. § 2255 with the exception of an ineffective assistance of counsel claim. Mr. Seay is now requesting that the court vacate his conviction and sentence under 28 U.S.C. § 2255. [Doc. No. 32] – attacking his conviction by alleging violations of certain United States statutes and constitutionally deficient representation. For the following reasons, the court denies Mr. Seay's motion.

In January 2015 Mr. Seay, a convicted felon who was serving a term of supervised release, was arrested and charged with possessing a firearm. The State of Indiana charged Mr. Seay with resisting arrest and for violating certain provisions of his supervised release. He was sentenced in state court to a cumulative three years in imprisonment and remained in state custody.

1

Mr. Seay was indicted in federal court for possessing a firearm after a felony conviction. 18 U.S.C. § 922(g)(1). Mr. Seay was taken into federal custody, but not until after he finished serving his state time. No federal detainer had been placed on Mr. Seay before this. Mr. Seay pleaded guilty and informed the court that—as part of the signed plea agreement—he had agreed to waive his right, apart from an ineffective assistance of counsel claim, to collaterally attack his conviction under 28 U.S.C. § 2255 and his right to an appeal. Mr. Seay said he understood the plea agreement and that he knowingly and voluntarily signed it in exchange for the government's recommendation of the maximum acceptance-of-responsibility credit available. The court sentenced Mr. Seay to a term of imprisonment of 30 months and a two-year period of supervised release.

Two weeks later, Mr. Seay filed this petition under 28 U.S.C. § 2255.

Mr. Seay attacks his sentence and conviction by alleging certain statutory deficiencies and that his counsel provided ineffective assistance by allowing him to take a plea deal when meritorious claims were available to him. The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. After reviewing the record in this case, the court finds that Mr.

2

Seay's petition can be resolved without a hearing. *See* Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995).

Mr. Seay can't present his statutory claims[1] unless he establishes ineffective assistance of counsel. His written plea agreement expressly waived his right to file any post-conviction proceedings on any grounds other than ineffective assistance of counsel.

> (e) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this Plea Agreement. **With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742, or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255**.

(Doc. No. 19—Filed Plea Agreement) (emphasis in original)

The waiver of § 2255 rights is enforceable. *See* United States v. Alcala, 678 F.3d 574, 577 (7th Cir.2012); Keller v. United States, 657 F.3d 675, 681 (7th Cir.2011); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). The court of appeals has held "to bar collateral review, the plea agreement must clearly

---

[1] Mr. Seay alleges violations of 18 U.S.C. § 3161(g), and § 3161(j), which concern a defendant's right to a speedy trial.

state that the defendant waives his right to collaterally attack his conviction or sentence *in addition* to waiving his right to a direct appeal." Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (emphasis in original). This waiver is enforceable if made knowingly and voluntarily, id., and if not the result of ineffective assistance of counsel. Dowell v. United States, 694 F.3d 898, 902 (7th Cir. 2012).

Mr. Seay also argues that his counsel was unconstitutionally ineffective because his attorney 1) didn't raise any issues concerning his delay in state custody or advise him of his right to a trial, and 2) didn't challenge the facts and circumstances surrounding his illegal firearm possession.

Courts traditionally reject broad, unsupported assertions of ineffective assistance, see, e.g., Jones v. United States, 167 F.3d at 1145–1146, and "garden variety attacks ... raise[d] in the guise of a claim of ineffective assistance of counsel." United States v. Joiner, 183 F.3d 635, 645 (7th Cir.1999). To successfully navigate around the waiver of appellate and post-conviction rights, Mr. Seay must argue that he entered into the plea agreement based on advice of counsel that fell below constitutional standards; that the decision was the product of ineffective assistance. Hurlow v. United States, 726 F.3d 958, 966-967 (7th Cir. 2013); United States v. Cieslowski, 410 F.3d 353, 361–362 (7th Cir. 2005) (holding that a valid claim must be the sort that "if successful, would result in setting aside the plea agreement as a whole.").

So Mr. Seay must point to evidence that his counsel made errors "so serious that 'counsel' was not functioning as the counsel guaranteed the

4

defendant by the Sixth Amendment" and "that counsel's errors were so serious as to deprive [Mr. Seay] of a fair [result]." Strickland v. Washington, 466 U.S. 668, 687 (1984). Mr. Seay "bears a heavy burden" in proving that his counsel was consitutionally ineffective. Barker v. United States, F.3d 629, 633 (7th Cir. 1993). Courts recognize a strong presumption that counsel performed effectively. *See* Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). "A court's scrutiny of an attorney's performance is 'highly deferential' to eliminate as much as possible the distorting effects of hindsight, and we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " Vinyard v. United States, 804 F.3d at 1225 (quoting Strickland v. Washington, 466 U.S. at 687). Because reviewing courts should not second-guess counsel's strategic choices, the burden of showing that counsel's decisions fell outside the wide range of reasonable strategic choices "rest[s] squarely on the defendant." Burt v. Titlow, 571 U.S. 12, 22–23 (2013).

"Even if counsel's performance was deficient, a petitioner must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.'" Eckstein v. Kingston, 460 F.3d 844, 848 (7th Cir. 2006) (quoting Strickland v. Washington, 466 U.S. at 694).

The transcripts of Mr. Seay's initial appearance [Doc. No. 38 pg. 11:2-5], his plea hearing [Doc. No. 36 pg. 16:13-21], and the text of the plea agreement itself [Doc. No. 19], show that Mr. Seay was adequately advised of, and aware of,

5

his right to have a trial. At his plea hearing, Mr. Seay acknowledged that he was satisfied with his counsel's service, [Doc. No. 36 pg. 5:17-6:1], and that he had gone over the plea agreement with his counsel. [Doc. No. 36 pg. 7: 18-19].

"The speedy trial protections of the federal statute apply only to arrests made for federal charges—an arrest by a state officer on a state charge does not start the statutory clock." United States v. Clark, 754 F.3d 401, 405 (7th Cir. 2014). Even though he was in custody since 2015, The U.S. Marshals didn't "arrest" Mr. Seay until February 2017. Clark, 754 F.3d at 407 ("The *sine qua non* of an arrest for purposes of the Act is the act of unambiguously bringing the accused into federal custody."). Mr. Seay had no right to a hearing on the federal gun charge until he was detained in February of 2017.

The court must look at the reasonableness of the attorney's decision at the time of making such decision. Strickland, 466 U.S. at 690. Considering this, counsel's decision to not contest the delay on constitutional speedy trial grounds was entirely reasonable and did not render his assistance ineffective. Salyer v. Sternes, 34 F. App'x 238, 240 (7th Cir. 2002) ("Because the [speedy trial] motion would have failed, the court concluded that counsel's representation could not have been ineffective assistance..."); United States v. Rucker, 142 F.3d 441 (7th Cir. 1998) (failure to challenge delay on Speedy Trial grounds did not render counsel's assistance ineffective).

Even if Mr. Seay could demonstrate that his counsel's failure to challenge the delay of his hearing or advise him on his right to a trial, failed the performance prong of Strickland, he can only succeed on this claim if he can

6

also show prejudice. "To establish prejudice, the defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" United States v. Best, 426 F.3d 937, 945 (7th Cir. 2005) (quoting Strickland, 466 U.S. at 694). "Here, that means [Mr. Seay] must show that . . . there was a 'reasonable probability' that he would have been acquitted." United States v. Berg, 714 F.3d 490, 497 (7th Cir. 2013) (quoting Rastafari v. Anderson, 278 F.3d 673, 689 (7th Cir. 2002)). Mr. Seay has provided no evidence or argument to suggest that he was prejudiced by his attorney's decision not to levy a speedy trial challenge.

Mr. Seay's similarly can't succeed on his firearms claim. To prove Mr. Seay was guilty of felony possession, the government had to prove that he possessed a firearm; that prior to his possession of this firearm, he had been convicted of a crime that had potential punishment of more than a year in prison; and, lastly, that the firearm had moved in interstate or foreign commerce in some manner. *See* 18 U.S.C. § 922(g)(1). It is undisputed that Mr. Seay was a prior convicted felon and that the type of gun he possessed had traveled in foreign commerce. [Doc. No. 36 pg. 13: 15-19]. Lastly, as to possession, Mr. Seay was found with the gun in his waistband. *See* United States v. Markovitch, 442 F.3d 1029, 1030–1031 (7th Cir. 2006) (gun found in waistband constituted possession). His attorney, weighing this evidence, acted reasonably in not challenging the firearm charge. Strickland v. Washington, 466 U.S. at 690. The evidence doesn't raise a reasonable probability of an acquittal had Mr. Seay's challenged this charge. United States v. Berg, 714 F.3d at 497. Mr. Seay, a prior felon, was found with

7

the firearm in his waistband. His claim fails both prongs of the ineffective assistance standard, the court denies his claim. <u>Strickland v. Washington</u>, 466 U.S. at 687.

Based on the foregoing, the court DENIES the motion to vacate [Doc. No. 32].

SO ORDERED.

ENTERED:  June 26, 2019

/s/ Robert L. Miller, Jr.  
Judge, United States District Court